IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Steven Tindal, | ) | C/A No. 3:11-1859-MBS-PJG |
|       Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | **AND** |
| Richland County Recreation Commission, | ) | **REPORT AND RECOMMENDATION** |
|       Defendant. | ) | |

The plaintiff, Steven Tindal ("Tindal"), filed this case pursuant to the First Amendment to the United States Constitution, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), against the defendant, Richland County Recreation Commission. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the Defendant's motion to dismiss Tindal's First Amendment claims. (ECF No. 5.) Tindal responded in opposition (ECF No. 11) and the defendant filed a reply (ECF No. 12). In Tindal's response, he alternatively seeks leave to amend his Complaint.[1] (ECF No. 11 at 4 n.1.) Having reviewed the parties' submissions and the applicable law, the court grants Tindal leave to amend his Complaint and recommends denying the defendant's motion to dismiss at this time.

**DISCUSSION**

**A.**    **Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of

---

[1] The court is interpreting this request as a motion to amend his Complaint.

Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[2] Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.      Tindal's Complaint**

Tindal filed this action against his former employer, alleging retaliation in violation of Title VII and violations of § 1983 and the First Amendment. With regard to his First Amendment claim, Tindal's Complaint contains the following relevant paragraphs:

> 11. Brian Devost was hired as the Executive Director of RCRC in September of 2009, only to be fired six months later in March 2010 after meeting resistance for plans Mr. Devost had for RCRC which conflicted with the agenda of the Board of Directors. On March 15, 2010, the night Mr. Devost was terminated, Plaintiff spoke out in support of Mr. Devost before the Board.
>
> 16. The reasons for Plaintiff's termination, the reduction in force, was arbitrary and did not utilize appropriate selection criteria or bumping rights. The plaintiff's termination was actually the result of the fact that he actively spoke out against the termination of Brian Devost from the position of RCRC Executive Director in March 2010 as well as his disagreement with the defendant's discriminatory custom or policy of African-Americans replacing or being promoted over white employees because of their race.
>
> 17. The plaintiff's actions on behalf of Mr. Devost and in refusing to assist in the plan to promote based on race were not disruptive or problematic for RCRC, but to the contrary reflect his long standing commitment to RCRC through

---

[2] The court observes that the parties appear to rely on case law that predates the United States Supreme Court's decision in Iqbal in discussing the applicable standard in reviewing a motion pursuant to Rule 12(b)(6).

*PJG*

advocating for people and policies which he believed would best promote the organization.

(Compl., ECF No. 1 at 2, 3.) Thus, the pertinent question is whether these allegations are sufficient to state a plausible claim under the First Amendment.

The defendant argues that Tindal's Complaint fails to allege facts showing that he spoke as a citizen on matters involving a "public concern," which is required for a public employee to state a claim against a government employer under the First Amendment's Speech Clause. See Borough of Duryea, Pa. v. Guarnieri, 131 S. Ct. 2488, 2493 (2011). The court agrees. Tindal relies on his allegation that he "spoke out in support of Mr. Devost before the Board;" however, this statement fails to allege any facts showing that the speech involved a matter of public concern.[3] See, e.g., Kirby v. City Of Elizabeth City, N.C., 388 F.3d 440, 446 (4th Cir. 2004) ("Speech involves a matter of public concern when it involves an issue of social, political, or other interest to a community. The public-concern inquiry centers on whether the public or the community is likely to be truly concerned with or interested in the particular expression.") (internal citations and quotation marks omitted). Therefore, it is hereby

**ORDERED** that Tindal's motion to amend his Complaint to state a plausible First Amendment claim is granted. Tindal shall have seven days from the date of this Order and Report and Recommendation to file his Amended Complaint. See Fed. R. Civ. P. 15(a); but see Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) ("The law is well-settled that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party,

---

[3] While the ultimate question of "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record," Connick v. Myers, 461 U.S. 138, 147-48 (1983), in this case Tindal has failed to even sufficiently allege that Tindal's speech involved a matter of public concern.

there has been bad faith on the part of the moving party, or the amendment would be futile.") (internal quotation marks & citation omitted) (emphasis in original).  In light of this Order, it is

**RECOMMENDED** that the defendant's motion to dismiss (ECF No. 5) be denied at this time with leave to re-file it if Tindal's Amended Complaint similarly fails to state a plausible First Amendment Claim.  In the event that Tindal does not timely file an Amended Complaint, the court recommends granting the defendant's motion to dismiss.

June 7, 2012  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).