IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Steven Tindal,                                     )
                                                   )     C.A. No. 3:11-1859-MBS-PJG
                          Plaintiff,               )
                                                   )
          vs.                                      )
                                                   )     **ORDER AND OPINION**
Richland County Recreation Commission,             )
                                                   )
                          Defendant.               )
                                                   )
_____)

     Plaintiff Steven Tindal ("Plaintiff") is a former employee of the Richland County Recreation Commission ("RCRC"). On July 29, 2011, Plaintiff filed a complaint against RCRC, alleging violations under the First Amendment to the United States Constitution, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is before the court on the Defendant's motion to dismiss Plaintiff's First Amendment claim.

## Background

     Plaintiff, an African-American male, began working for RCRC in February 2004 and held various positions within RCRC until 2010. In September 2009, Brian Devost was hired as Executive Director of RCRC. On March 15, 2010, RCRC held a board meeting wherein the Board Members terminated Devost. At the meeting, Plaintiff spoke out in support of Devost before the Board.

     Thereafter, in March 2010, James Brown became Interim Executive Director of RCRC. Brown informed Plaintiff that the RCRC Board of Directors wanted to restructure RCRC so as to promote more African-American employees. Plaintiff opposed this promotion policy. Plaintiff

was terminated in July 2010.  Plaintiff alleges that he was terminated because he spoke out against the termination of Devost as well as because he disagreed with RCRC's promotion policy regarding African Americans.

On July 29, 2011, Plaintiff filed the instant complaint.  On October 5, 2011, Defendant filed a motion to dismiss Plaintiff's First Amendment claim, arguing that the complaint failed to allege facts showing that Plaintiff spoke as a citizen on matters involving a "public concern" as required to state a claim under the First Amendment.  See Borough of Duryea, Pa. v. Guarnieri, 131 S. Ct. 2488, 2493 (2011).  On October 24, 2011, Plaintiff filed a response to the motion to dismiss wherein he requested that the court grant him leave to amend the complaint if the court found the complaint to be insufficiently pleaded.

On June 7, 2012, the Magistrate Judge filed a Report and Recommendation wherein she found that Plaintiff failed to sufficiently allege that the speech in support of Devost involved a matter of public concern.  The Magistrate Judge, however, granted Plaintiff's request to amend his complaint.  Accordingly, the Magistrate Judge recommended denying Defendant's motion to dismiss with leave to re-file if Plaintiff's amended complaint similarly failed to sufficiently state a cause of action under the First Amendment.

On June 25, 2012, Plaintiff filed an amended complaint.  On the same day, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  Plaintiff requested that the court "deny" the Report and Recommendation as moot on the basis that Plaintiff has filed an amended complaint pursuant.  On July 12, 2012, Defendant filed a reply to Plaintiff's objections, arguing that Plaintiff's amended complaint similarly fails to sufficiently allege a First Amendment claim and requesting that the court grant its motion to dismiss.[1]

---

[1] It is unclear whether Defendant intended for its reply to Plaintiff's objections to serve as its renewed motion to dismiss.  The court will not construe Defendant's reply as a renewed motion to dismiss.

## Discussion

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's objections, and Defendant's reply. In light of the fact that Plaintiff was granted leave to file an amended complaint and has done so, the court finds that it need not consider whether Plaintiff's original complaint sufficiently pleaded a cause of action under the First Amendment.

## Conclusion

The court adopts the Magistrate Judge's recommendation that Defendant's motion to dismiss be denied as moot. Defendant is granted leave to file a motion to dismiss the amended complaint, should it desire to do so. The matter is recommitted to the Magistrate Judge for additional pretrial handling.


**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

August 9, 2012
Columbia, South Carolina